UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No: _____

CHERYL DANNER,

    Plaintiff,

v.

TOWN OF DAVIE, A MUNICIPAL CORPORATION AND POLITICAL SUBDIVISION OF THE STATE OF FLORIDA

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHERYL DANNER, by and through her undersigned counsel, sues the Defendant, TOWN OF DAVIE, a municipal corporation and political subdivision of the State of Florida, and alleges as follows:

**JURISDICTION AND VENUE**

1.    This is an action for damages and to remedy violations of the rights of MS. DANNER under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), and to redress injuries done to her by the Defendant, TOWN OF DAVIE ("Defendant").

2.    The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

**PARTIES**

1

3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County, Florida and is otherwise *sui juris*.

4. At the relevant time, Plaintiff was a woman and, as such, Plaintiff is a member of a protected class under Title VII and Chapter 760 because the terms, conditions, and privileges of her employment were altered.

5. Defendant is a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year.

7. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on August 31, 2020. This suit is filed in accordance with that Notice and within the applicable ninety (90) day limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

11. Defendant hired Plaintiff as a police officer on April 1, 2001. The Plaintiff currently works for the Defendant.

12. As a police officer, Plaintiff's primary duties and responsibilities include road patrol which involves responding to calls for service.

13. Plaintiff was qualified for her position, based on her experience and training.

14. The Defendant was aware that the Plaintiff had filed a charge of gender/sex discrimination with the EEOC on March 20, 2014, and that Plaintiff filed a lawsuit based on that charge on January 25, 2016, and this caused the Defendant to retaliate against her.

15. Prior to the Plaintiff's filing her charge and lawsuit, the Defendant gave her only two write ups in 13 years. Yet, after the Plaintiff's filed her charge and her lawsuit, in retaliation, the Defendant gave her 13 write-ups in less than 18 months.

16. The entire department knows that the Plaintiff sued the Defendant. It is frequently joked about in briefing and training classes. Whenever anything inappropriate is said, supervisors often say, "this is not harassment or discrimination, and does not need to go in your book." Multiple people have said, "I don't want to end up in Danner's book" (referring to the Plaintiff).

17. On May 9, 2019, Sgt. Scott Leon called the Plaintiff to say that, while he was not watching her AVL, he did notice that it took her 11 minutes to arrive at an alarm call. The Plaintiff was in the restroom and left as quickly as she could, but it takes female officers significantly longer than male officers to get dressed after using the restroom because of the need for female officers to remove clothing while male officers do not need to do so to use the restroom. Sgt. Leon said, "don't make it a habit."

18. For a long period of time, the Plaintiff has been using her employee-benefit sick time as needed to care for her handicapped mother-in-law and two children. The Defendant's policy allows employees to use sick days to care for sick family members, and the Plaintiff's supervisors knew of her family situation.

19. On May 14, 2019, Sgt. Leon wrote up the Plaintiff for allegedly abusing sick time despite the fact that Plaintiff had more than enough sick time available and that her use ot he sick time was within the parameters of the general orders. After Plaintiff appealed the write up, she was told it would be removed from her file.

20. On May 21, 2019, Sgt. Leon notified the Plaintiff that he was issuing her a verbal counseling for failing to make an arrest on violation of a restraining order. According to the performance log from Sgt. Leon, the Plaintiff should have arrested the perpetrator on scene, but circumstances did not warrant that at the time and the Plaintiff's prior supervisor directed her not to take that action, therefore she did not arrest him. Instead, the Plaintiff followed her prior supervisor's direction and department policy and sent the probable cause affidavit to the state attorney's office to determine if an arrest should be made.

21. On other occasions, Sgt. Leon would belittle and embarrass the Plaintiff in front of others.

22. The Defendant continued to retaliate against the Plaintiff in other ways. The Defendant would deny the Plaintiff's requested days off with no valid reasons although she was entitled to the time off.

23. The Defendant issued new policies directly targeting the Plaintiff. For example, around August 15, 2019, the Plaintiff scratched her eye while taking out her contacts and needed to go to the doctor. When the Plaintiff informed Sgt. Urbaez, he texted her saying, "make sure you bring a note." The Defendant's policy did not require a note in this instance as the Plaintiff was only out of work for two days.

24. On August 30, 2019, in response to several emails from Defendant's command staff, the Plaintiff requested to leave one hour early to install her shutters in preparation for

Hurricane Dorian. Sgt. Savin denied the Plaintiff's request to leave one hour early because of alleged "manpower issues." This was despite the fact that two shifts were working during the relevant one-hour time frame. Several other officers received approval to leave early.

25. The Defendant continued to give the Plaintiff a hard time about using time off to which she was entitled.

26. On September 12, 2019, in morning briefing, Officer Brea Coffey came in with her hair in a natural "Afro." Sgt. Bishop made a comment that he could not conduct briefing because he was so distracted by her hair. Lieutenant Bart chimed in and said, "just so everybody in the room knows, that's not sexual harassment or any harassment." He and Sgt. Urbaez exchanged looks with each other and then both looked at the Plaintiff.

27. In September 2019, the Defendant conducted their biannual vacation bid, during which employees submit their requests for leave for the coming six-month period. The Plaintiff requested December 23, 2019 through January 4, 2020. The Defendant approved every day of her vacation bid except for Christmas Day and New Year's Day, both of which fell in the middle of the otherwise-approved vacation weeks. Because the Defendant did not approve these two days off, the Plaintiff was forced to use her sick days. The Fraternal Order of Police contract article 34.7 says that continuous vacation will be approved by seniority. The Defendant approved this same vacation, including Christmas Day and New Year's Day, based on the Plaintiff's seniority over the previous three years, yet denied it since Plaintiff filed the EEOC charge and lawsuit.

28. In November 2019, the Plaintiff was singled out for using her cell phone while nothing was said to the several other officers who were also using their cell phones.

29. Due to the ongoing retaliation, the Plaintiff's work environment has become increasingly hostile and the Plaintiff is considering imminent retirement.

30. Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendant pursuant to statute.

## COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Retaliation)**

31. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 30, inclusive, as though same were fully re-written here.

32. Plaintiff had the right to voice her grievances that she was being discriminated against.

33. When the Plaintiff engaged in the protected activity of reporting the discrimination, filing a charge with the EEOC, and then filing a lawsuit, the Defendant retaliated against her by continuing and intensifying the discrimination. Also due to the retaliation, the Plaintiff is considering imminent retirement.

34. As a result of Defendant's action, Plaintiff has suffered damages.

35. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's retaliation against Plaintiff was in violation of Title VII of the Civil Rights Act of 1964; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's retaliation of Plaintiff in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964; (c) award Plaintiff prejudgment and post-judgment interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the

costs of this action, together with her reasonable attorneys' fees incurred herein; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

### COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Retaliation)**

36. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 30 inclusive, as though same were fully re-written here.

37. Plaintiff had the right to voice her grievances that she was being discriminated against.

38. When the Plaintiff engaged in the protected activity of reporting the discrimination, filing a charge with the EEOC, and then filing a lawsuit, the Defendant retaliated against her by continuing and intensifying the discrimination. Also due to the retaliation, the Plaintiff is considering imminent retirement.

39. As a result of Defendant's actions, Plaintiff has suffered damages

40. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, Chapter 760.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's retaliation of Plaintiff was in violation of the FCRA; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's retaliation of Plaintiff in an amount to be determined at trial and in accordance with the FCRA; (c) award Plaintiff prejudgment and post-judgment interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

    Respectfully submitted this 25th day of November, 2020

    By: /s/ *Michelle Cohen Levy*
    Michelle Cohen Levy, FBN 0068514
    The Law Office of Michelle Cohen Levy, P.A.
    4400 N. Federal Highway
    Lighthouse Point, Florida 33064
    P: (954) 651-9196
    Michelle@CohenLevyLegal.com
    Counsel for Plaintiff